```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TIMOTHY A. WOODHAMS, et al.,<br>            Plaintiffs,<br><br>            -v-<br><br>PFIZER INC.,<br>            Defendant. | 18-CV-3990 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Plaintiffs Timothy Woodhams, Elizabeth Hinz, Ronald de Clue, John Covello, Joshua Hoaglund, Oscar De Leon, Cynthia Carrillo, Daniel Paul, Robert Trepper, and Daniel Utterback (collectively "Plaintiffs") bring this action on behalf of themselves and a putative nationwide class against Pfizer Inc. ("Pfizer"), which markets and distributes Robitussin cough syrup. Plaintiffs claim that Pfizer deceived consumers by charging more for a "Maximum Strength" Robitussin that contained a lower amount of an essential active ingredient than does "Regular Strength" Robitussin. (Dkt. No. 4 ("Compl.").) Plaintiffs move to stay this action pending resolution of a class certification motion in a substantially similar case in the Northern District of Illinois (the "Illinois Action"). (Dkt. No. 36.) For the reasons that follow, Plaintiffs' motion to stay is granted.

**I.    Background**

    **A.    The Illinois Action**

On September 18, 2017, Plaintiff Timothy Woodhams and Karmel Al Haj, another individual not a party to this suit, filed a class action complaint against Pfizer in the Northern District of Illinois, asserting consumer fraud claims arising from their purchases of Maximum Strength Robitussin. *Al Haj v. Pfizer Inc.*, No. 17 Civ. 6730 (N.D. Ill. Sept. 18, 2017), Dkt. No. 1 ("N.D. Ill. Compl."). The plaintiffs in the Illinois Action sought to represent a nationwide

1

class of "[a]ll persons that paid for Maximum Strength Robitussin Cough+Chest Congestion DM for personal, family or household uses." *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 748 (N.D. Ill. 2018) (alteration in original).

In the Illinois Action, Pfizer moved to dismiss Woodhams's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(2), to dismiss Al Haj's claims for failure to state a claim under Rule 12(b)(6), and to strike the class claims under Rule 12(f). *Id.* at 745. The Illinois court granted Pfizer's motion to dismiss Woodhams's claims for lack of personal jurisdiction and denied the other two motions. *Id.* at 758. It also denied Pfizer's renewed motion to strike the nationwide class allegations. *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d, 815, 822 (N.D. Ill. 2018).

On January 11, 2019, Al Haj moved to certify a nationwide class in the Illinois Action. *Al Haj v. Pfizer, Inc.*, No. 17 Civ. 6730 (N.D. Ill. Jan. 11, 2019), Dkt. No. 120. In addition, Pfizer has moved for summary judgment with respect to Al Haj's consumer protection and unjust enrichment claims that are governed by Illinois law. *Al Haj v. Pfizer Inc.*, No. 17 Civ. 6730 (N.D. Ill.), Dkt. No. 102. That motion, which has been fully briefed and argued, remains pending. *See Al Haj v. Pfizer Inc.*, No. 17 Civ. 6730 (N.D. Ill.), Dkt. Nos. 103, 139, 158, 165.

**B.     The Present Action**

After Woodhams's claims in the Illinois Action were dismissed for lack for personal jurisdiction, he and nine other individuals who had also purchased Maximum Strength Robitussin filed the instant action against Pfizer in this District. (Dkt. No. 4.)

As in the Illinois Action, Plaintiffs in this case seek to represent "[a]ll persons that paid for Maximum Strength Robitussin Cough+Chest Congestion DM for personal, family or household uses." (Compl. ¶ 44.) The complaint alleges that Pfizer has violated the consumer protection and unjust enrichment laws in all fifty states. (Compl. ¶¶ 55–71.)

Pfizer has moved to dismiss and to strike Plaintiffs' class allegations. (Dkt. Nos. 19, 23.) Plaintiffs opposed Pfizer's motions and filed a motion to stay the present action. (Dkt. Nos. 34–36.) The briefings on all pending motions are complete. (Dkt. Nos. 39–42.)

## II.  Legal Standards

The first-filed rule provides that "[w]here there are two competing lawsuits, the first suit should have priority." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (quoting *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). "This rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum[,]" *id.* at 275 (quoting *First City Nat'l Bank*, 878 F.2d at 80), and generally "applies when identical or substantially similar parties and claims are present in both courts," *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992).

The first-filed rule creates only a "'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emp'rs Ins. of Wausau*, 522 F.3d at 275 (quoting *Berisford Capital Corp. v. Cent. States, Se. & Sw. Areas Pension Fund*, 677 F.Supp. 220, 222 (S.D.N.Y. 1988)). The Second Circuit has recognized two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action,[1] and (2) where there are "special circumstances" such as where the first-filing plaintiff has engaged in some "manipulative or deceptive behavior." *Emp'rs Ins. of Wausau*, 522 F.3d at 275–76. The

---

[1] Factors that courts consider in assessing the balance of convenience include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Emp'rs Ins. of Wausau*, 522 F.3d at 275 (alteration in original) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).

3

party asserting that an exception to the first-filed rule applies in a given case bears the burden of overcoming the rule's presumption by showing that "equitable considerations recommend the later action." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998).

## III. Discussion

Plaintiffs contend that the present action should be stayed under the first-filed rule because the Illinois Action was filed first, has a more advanced procedural posture, and involves substantially similar parties and identical claims. (Dkt. No. 37 at 2, 5.) In response, Pfizer argues that Plaintiffs have engaged in gamesmanship that warrants denial of their motion to stay. (Dkt. No. 39 at 5–7.) The Court is not persuaded by Pfizer's arguments.

As a threshold matter, the first-filed rule applies here because the present action and the Illinois Action each involve "identical or substantially similar parties and claims." *In re Cuyahoga Equip. Corp.*, 980 F.2d at 116–17. Pfizer's alleged conduct at issue in the present action is no different than its conduct at issue in the Illinois Action. (*Compare* Compl. ¶¶ 1–5 *with* N.D. Ill. Compl. ¶¶ 1–5.) Both actions involve consumer protection and unjust enrichment claims. (*Compare* Compl. ¶¶ 55–71 *with* N.D. Ill. Compl. ¶¶ 47–66.) The named plaintiffs in both actions are substantially similar because they are all consumers who allegedly purchased Maximum Strength Robitussin based on Pfizer's representation of "Maximum Strength." (*Compare* Compl. ¶¶ 8–17 *with* N.D. Ill. Compl. ¶¶ 8–9.) And both actions seek to represent the same nationwide class of putative plaintiffs. (*Compare* Compl. ¶ 44 *with* N.D. Ill. Compl. ¶ 8–9.)[2]

---

[2] In a footnote to its opposition to Plaintiffs' motion for a stay, Pfizer briefly purports to dispute the application of the first-filed rule. (*See* Dkt. No. 39 at 5 n.2.) Pfizer relies upon *Bukhari v. Deloitte & Touche LLP*, No. 12 Civ. 4290, 2012 WL 5904815 (S.D.N.Y. Nov. 26, 2012), and *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y. 2013) to argue that "the first-filed rule does not . . . apply" where two pending class actions involve different states' laws. (Dkt. No. 39 at 5 n.2.) These two cases are inapposite. *Bukhari* involved two cases that did not

Having determined that the first-filed rule's presumption applies here, the burden falls to Pfizer to demonstrate that "equitable considerations recommend the later action." *GT Plus, Ltd.*, 41 F. Supp. 2d at 424. Pfizer fails to establish that any exception to the first-filed rule ought to dictate such an outcome.

First, with respect to the "balance of convenience" exception, Pfizer does not present any reason why this Court is a relatively more convenient forum than the Northern District of Illinois. Instead, Pfizer contends that a plaintiff like Woodhams, who filed the same lawsuit twice and then sought a stay of the latter case, must be "disingenuous" in articulating any concern about convenience. (Dkt. No. 39 at 7.) However, as Plaintiffs correctly point out, Woodhams filed the present action only after Pfizer had successfully dismissed his claims from the Illinois Action for lack of personal jurisdiction. (Dkt. No. 37 at 7.) That Woodhams has sought to protect his ability to vindicate his rights in this District, where Pfizer maintains its principal place of business, after his initial attempt to do so closer to his home was stymied by Pfizer's objections to that forum, does not bear on the relative convenience of either forum, nor does it reflect that Woodhams's preference to stay this action so that he might proceed in his initially chosen forum is "disingenuous."

Pfizer also argues that now that the briefing on its motions to dismiss and to strike is already completed, judicial economy favors resolution of these pending motions. (Dkt. No. 39 at 6–7.) This argument is not persuasive in view of the even more advanced procedural posture of the Illinois Action. Specifically, there is now pending before the Illinois court a class

---

have any "common legal claims," *Bukhari*, 2012 WL 5904815, at *4, and *Quinn* involved two cases with "neither identical issues nor identical parties," *Quinn*, 958 F. Supp. 2d at 539. In contrast, this action and the Illinois Action share overlapping claims and involve plaintiffs seeking to represent the same putative nationwide class.

5

certification motion seeking to certify a class of "[a]ll persons residing in the United States who purchased Robitussin Maximum Strength Cough + Chest Congestion DM for personal or household use." *Al Haj v. Pfizer*, No. 17 Civ. 6730 (N.D. Ill. Jan. 11, 2019), Dkt. No. 120 at 1. The certification of this putative nationwide class could encompass all Plaintiffs in the present action, and would potentially moot Pfizer's motions to dismiss and to strike. Therefore a stay pending the resolution of the class certification motion in the Illinois Action would indeed protect the parties from the vexation of concurrent litigation and promote judicial economy.

Finally, with respect to the "special circumstances" exception, Pfizer contends that Plaintiffs have "manipulate[d] the [C]ourt[]," and therefore "equities weigh against issuing a stay." (Dkt. No. 39 at 6.) In particular, Pfizer alleges that Plaintiffs delayed unnecessarily in seeking a stay of this action, as they have always known about the Illinois Action but moved to stay the present action only after Pfizer had "invested substantial resources" in filing a motion to dismiss. (*Id.*)

Mindful of the Second Circuit's caution that "special circumstances" warranting departure from the first-filed rule "are quite rare," *Emp'rs Ins. of Wausau*, 522 F.3d at 275, the Court concludes that no such special circumstances are to be found here. Plaintiffs' filing of the motion to stay is hardly manipulative. Again, Plaintiffs filed this action in response to Pfizer's challenge to the initial forum, and have done so to preserve their right to bring the same claims brought against Pfizer in the first-filed case. (Dkt. No. 37 at 7.) Moreover, the examples of "special circumstances" identified by the Second Circuit involve manipulations in the first-filed suit, rather than in the second-filed suit. *See Emp'rs Ins. of Wausau*, 522 F.3d at 275–76 (concluding the special circumstances warranting departure from the first-filed rule exist where the "first filed lawsuit is an improper anticipatory declaratory judgment action" or "where forum

6

shopping *alone* motivated the choice of the situs of the first suit[]"). In contrast, here Pfizer does not allege any manipulative conduct by the plaintiffs who brought the Illinois Action such that their filing of the first-filed suit was itself improper. Finally, the manner in which Plaintiffs filed their motion to stay the present action does not reflect any manipulation of the first-filed rule. Plaintiffs filed this motion contemporaneously with their opposition to Pfizer's motion to dismiss, which was their first substantive response to what was itself Pfizer's first response to their complaint. Based on the record, the Court does not find any improper manipulation on the part of Plaintiffs in the present action.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to stay is GRANTED. Plaintiffs shall notify the Court within 14 days of any disposition of the class certification motion pending in the Illinois Action. The pending motion to dismiss and motion to strike are dismissed without prejudice to reactivation in the event that the stay is lifted.

The Clerk of Court is directed to close the motion at Docket Numbers 19, 23, and 36 and to mark this case as stayed.

SO ORDERED.

Dated: March 29, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge