UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY A. WOODHAMS, ELIZEBETH HINZ, JOHN COVELLO, CYNTHIA CARRILLO, OSCAR DE LEON, DANIEL PAUL, ROBERT TREPPER, and DANIEL UTTERBACK, individually and on behalf of all other similarly situated, | Civil Action No. 1:18-cv-03990-JPO |
| Plaintiffs, | Electronically Filed |
| v. | |
| PFIZER INC., | |
| Defendant. | |

**JOINT MOTION TO SUBSTITUTE GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC FOR AND IN PLACE OF DEFENDANT PFIZER INC.**

Pursuant to Federal Rule of Civil Procedure 25(c), Defendant Pfizer Inc. ("Pfizer"), and all Plaintiffs to this litigation, (collectively, the "Parties"), by and through their respective attorneys, jointly move this Court for an Order substituting GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("GSK Consumer Healthcare") into the case as the Defendant in place of Pfizer Inc., which should be dismissed from the case. As set forth below, GSK Consumer Healthcare is now responsible for defending against all claims and for all liabilities related to the Robitussin® product at issue in this case.

In support of this joint stipulation, the Parties state the following:

1.  Pursuant to a Stock and Asset Purchase Agreement dated December 19, 2018 ("SAPA"), GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("GSK Consumer Healthcare") acquired the rights to Robitussin® products, including the specific product at issue

1

in this litigation. The SAPA is Exhibit 4.10 to the Form 20-F filed by GlaxoSmithKline plc with the United States Securities and Exchange Commission ("SEC") on March 15, 2019 and which is available online. The transaction closed on July 31, 2019. *See* Form 20-F filed by GlaxoSmithKline plc with the SEC on March 12, 2021 at 60 (available online).

2. Pursuant to Section 2.4 of the SAPA, GSK Consumer Healthcare assumed all of the liabilities of Pfizer's consumer healthcare business, including Robitussin® products, regardless of whether those liabilities arose prior to, on, or after the close of the transaction, including all liabilities related to the "design, manufacture, testing, marketing, distribution, use or sale of" Pfizer's consumer healthcare products, including warranty obligations and regardless of the legal theory asserted. Accordingly, pursuant to the SAPA, GSK is now responsible for defending against litigation arising out of or related to Robitussin® products as well the liability (if any) ensuing from such litigation.

3. Pfizer is currently the named defendant on all pleadings, motions, and other filings.

4. The primary basis for deciding whether to substitute a party under Federal Rule of Civil Procedure 25(c) is whether the substitution would "facilitate the conduct of the litigation." *Comm'ns Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015) (*quoting Citibank v. Grupo Cupney, Inc.*, 382 F.3d 29, 32 (1st Cir. 2004)); *see also Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1257 (M.D. Fla. 2015) ("The purpose of Rule 25(c) is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest."). The focus on "considerations of convenience and economy . . . prevails because Rule 25(c) has no bearing on the substantive relationship between the parties." *Id.*; *see also Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (Rule 25 does

not alter the substantive rights of parties, but is designed to "facilitate the conduct of the case, and is within the courts discretion.").

5. The Parties have agreed that the substitution of GSK Consumer Healthcare for Pfizer as the defendant in this case will facilitate the conduct of the litigation and increase efficiency and economy by clarifying the proper defendant and minimizing any confusion as to the proper defendant now responsible for the product in this case.

6. The parties conducted extensive document discovery, including depositions, of Pfizer with respect to the product at issue in the earlier case of *Al Haj v. Pfizer Inc.* in the United States District Court for the Northern District of Illinois. Consequently, additional discovery of Pfizer is not currently anticipated in this case. Nonetheless, to the extent non-duplicative discovery of Pfizer is required, Pfizer will provide access to GSK Consumer Healthcare to permit it to produce from Pfizer responsive discovery facts, documents, information, materials, and witnesses, if any, relating to the product at issue, if such discovery is in the possession or control of Pfizer and not GSK Consumer Healthcare. Neither GSK Consumer Healthcare nor Pfizer will object to these discovery requests based on the fact or argument that Pfizer is no longer a named party. At the same time, however, neither GSK nor Pfizer waives any objections to any future discovery requests that Plaintiffs may serve (including but not limited to relevancy, proportionality, privacy, confidentiality, privilege, competency, admissibility, burden, duplication of prior discovery, or any other good-faith objections) and the parties agree to meet and confer in the event discovery in the possession or control of Pfizer and not GSK Consumer Healthcare arises. Furthermore, GSK Consumer Healthcare will not object to utilization of the stipulated confidentiality order made on behalf of Pfizer in case of *Al Haj v. Pfizer Inc.* in this case based on the fact or argument that Pfizer is no longer a named party or that Pfizer was the entity on whose behalf that agreement was made.

7. All other evidentiary matters related to Pfizer will be viewed as if Pfizer were a party, including use of evidence at the time of trial, including with respect to business record exceptions and party admissions.

WHEREFORE, pursuant to the foregoing, the Parties respectfully request that the Court enter an Order providing that:

(1) GlaxoSmithKline Consumer Healthcare Holdings (US) LLC be substituted in as Defendant for and in place of Pfizer Inc. and that Pfizer Inc. be dismissed from this case;

(2) For any pleadings, motions and other filings, discovery, and orders, filed, served, or entered on or before the substitution of GSK Consumer Healthcare for Pfizer, GSK Consumer Healthcare shall be considered the defendant as though it had been so named at the time of the filing, service, or entry of such documents. For all pleadings, motions, filings, discovery, and orders filed, served, or entered after the substitution of GSK Consumer Healthcare for Pfizer, GSK Consumer Healthcare shall be the named defendant; and

(3) The Clerk is directed to change the case caption to reflect GlaxoSmithKline Consumer Healthcare Holdings (US) LLC as the defendant and not Pfizer Inc.

Dated: January 28, 2022

                                             Respectfully submitted,

                                             By: /s/ *Thomas E. Fox*
                                                 Thomas E. Fox
                                           SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                           One Manhattan West
                                           New York, New York 10010
                                           Tel: (212) 735-3000
                                           E-mail: thomas.fox@skadden.com

        John H. Beisner (pro hac vice)
        Jessica Davidson Miller (pro hac vice)
        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
        1440 New York Avenue, N.W.
        Washington, DC 20005
        Tel: (202) 371-7000
        E-mail: John.Beisner@skadden.com
                   Jessica.Miller@skadden.com

*Attorneys for Pfizer Inc. and GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*


By: /s/ *Daniel J. Kurowski*

Nathaniel A. Tarnor
HAGEN BERMAN SOBOL SHAPIRO LLP
322 8th Avenue, Suite 802
New York, NY 10001
Telephone: (212) 752-5455
E-mail: nathant@hbsslaw.com

Steve W. Berman
HAGEN BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
E-mail: steve@hbsslaw.com

Daniel J. Kurowski
HAGEN BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4960
E-mail: dank@hbsslaw.com

Darren Malek
VERITAS LAW GROUP
107 W. Michigan Avenue, Suite 500
Kalamazoo, MI 49007
Tel: (269) 270-3500
Fax: (877) 567-0404
Email: dmalek@veritaslawgroup.net

*Attorneys for Plaintiffs*

5